# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANDRE WILLIAMS,

    Petitioner,           Case Number: 5:16-CV-13649
                                      HONORABLE JOHN CORBETT O'MEARA

v.

J.A. TERRIS,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner Andre Williams' *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Williams, who is presently incarcerated at the Federal Correctional Facility in Milan, Michigan, challenges his classification as a career offender under United States Sentencing Guideline § 4B1.2. Respondent, through the United States Attorneys' office, has filed an answer in opposition arguing that the petition is not properly filed under 28 U.S.C. § 2241. The Court finds no basis for granting relief under § 2241.

**I.    Background**

Williams was convicted of racketeering, drug conspiracy, and firearms offenses in the United States District Court for the Northern District of Illinois. *United States v. Williams*, No. 97-3683. In April 1998, he was sentenced to a total of 480 months' imprisonment. Petitioner was sentenced as a career offender based upon two prior

convictions for controlled substance offenses. U.S.S.G. § 4B1.1(a). However, before sentencing, it was argued that only one of the two prior offenses used to establish Williams as a career offender met the definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b). Ultimately, the court and parties determined that even if this was indeed an error, correction of the error would not impact Williams' sentence. *See* 4/10/98 Tr. at 4-7; ECF No. 6-2, Pg. ID 125-128. The parties and the court agreed that the interests of justice were best served by proceeding with sentencing without delay. *Id.* Williams' convictions and sentences were affirmed on direct appeal. *United States v. Patterson*, 215 F.3d 776 (7th Cir. 2000), *cert. denied*, 531 U.S. 1033 (2000) (as to A. Williams, granted as to several co-defendants).

Twelve years after his direct appeal concluded, Williams filed a motion to vacate void judgment in the sentencing court. The motion challenged Williams' designation as a career offender. The district court denied the motion without prejudice. *See* 8/8/13 Order, ECF No. 6-5. In May 2014, Williams filed a motion to correct record under Federal Rule of Criminal Procedure 36, arguing that the record incorrectly indicated that he had a state court conviction for possession with intent to deliver and that he was, therefore, not a career offender. The district court acknowledged that Williams was incorrectly labeled a career offender but held that it lacked jurisdiction to decide the motion. *See* 11/12/14 Order, ECF No. 6-7. The Seventh Circuit Court of Appeals affirmed the district court's decision, finding that Williams knowingly waived this claim by electing to proceed with sentencing. *United States v. Williams*, 777 F.3d 909 (7th Cir.

2

2015).

On October 4, 2016, Williams filed the pending § 2241 petition.

**II.    Discussion**

Williams seeks a writ of habeas corpus under 28 U.S.C. § 2241. He challenges his classification as a career offender under U.S.S.G. § 4B1.1(a). Williams argues that he should not have been classified as a career offender because he does not have two qualifying predicate offenses and because *Descamps v. United States*, — U.S. —, 133 S. Ct. 2276 (2013), is a retroactive change in the law making his sentence unlawful. Respondent argues that this claim is not properly filed under § 2241 because Petitioner has not shown that 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. *See* 28 U.S.C. § 2255; *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A prisoner is generally limited to only one challenge of his conviction and sentence under § 2255. A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. 2255(e); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). The § 2255 remedy is not considered inadequate or ineffective simply because the petitioner has already been denied relief under § 2255, because the petitioner is procedurally barred from pursuing relief under §

3

2255, or because the petitioner has been denied permission to file a second or successive motion to vacate. *Charles*, 180 F.3d at 756. The "savings clause" to applies only where a petitioner demonstrates "actual innocence." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

Williams does not argue that he is innocent of the crime of conviction. Instead, he argues that he is innocent of the career offender enhancement. The Sixth Circuit has held that claims alleging actual innocence of a sentencing enhancement generally cannot be raised under § 2241. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012). In 2016, the Sixth Circuit held that a petitioner may claim actual innocence of a sentence enhancement under § 2241 in limited circumstances where the petitioner can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). Petitioner attempts to satisfy the second element by relying on *Descamps v. United States*, — U.S. —, 133 S. Ct. 2276 (2013), which concerned the process for determining whether a prior conviction qualified as a "violent felony" for sentencing under the Armed Career Criminal Act. A petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). The *Descamps* decision had no effect on the status of Williams' prior conviction for drug conviction. As such, Williams cannot rely on *Descamps* to

4

establish a retroactive change of law.

Williams has not shown that § 2255 is inadequate or ineffective to test the legality of his detention and, therefore, he may not seek relief under § 2241.

**III. Conclusion**

The Court concludes that the petition is not properly filed under § 2241. Accordingly, the Court **DENIES** the petition for a writ of habeas corpus.

Petitioner's Motion to Appoint Counsel (ECF No. 5) and Motion to Conduct Prompt and Mandatory Hearing (ECF No. 7) are **DENIED AS MOOT**.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date: April 27, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 27, 2017, using the ECF system and/or ordinary mail.

                                            s/William Barkholz
                                            Case Manager