UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE WILLIAMS,

        Petitioner,        Case Number: 5:16-CV-13649
                                       HON. JOHN CORBETT O'MEARA

v.

J.A. TERRIS,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT AND DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

This matter is before the Court on Petitioner Andre Williams' Motion to Alter or Amend Judgment and Motion for Relief from Judgment. Williams, who is presently incarcerated at the Federal Correctional Facility in Milan, Michigan, filed a habeas corpus petition under 28 U.S.C. § 2241, challenging his classification as a career offender under United States Sentencing Guideline § 4B1.2. The Court denied the petition on the ground that it was not properly filed under § 2241. Williams now seeks relief under Federal Rules of Civil Procedure 59(e) and 60(b)(1) & (6).

Williams argues that he is entitled to relief under Rule 59(e) to correct a clear error of law and prevent manifest injustice because he was improperly classified as a career offender. The disposition of a motion filed under Rule 59(e) is "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp.

1139, 1140 (W.D. Mich. 1996), citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Generally, a court may grant a Rule 59(e) motion in one of three situations: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). However, a motion filed under 59(e) "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008), quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 pp. 127-128 (2d ed. 1995). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). The Court held that the petition was not properly filed under § 2241 because Williams did not establish that § 2255(e)'s "savings clause" applied. Nothing in Williams' motion establishes that the Court's decision was in error. Thus, Williams is not entitled to relief under Rule 59(e).

Williams' Rule 60(b) motion is similarly meritless. He seeks relief under subsections (1) and (6) on the ground that the Court failed to adjudicate his actual innocence claim. Under Rule 60(b)(1), a district court may grant relief from a final judgment or order only upon a showing of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). It is intended to provide relief to a party in two instances: "(1) when the party has made an excusable litigation mistake or an attorney in

2

the litigation has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). "Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corporation*, 910 F.2d 357, 365 (6th Cir. 1990) (quotation omitted). It is invoked only in those "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original). Rule 60(b)(6) exists to allow courts to vacate judgments whenever such action is appropriate to accomplish justice in extraordinary circumstances. *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). The fact that Williams asserted an actual innocence claim did not, by itself, allow him to file a § 2241 petition. The Sixth Circuit has held that a claim of actual innocence of a career offender enhancement may be filed under § 2241 only when three requirements are satisfied. *Hill v. Masters*, 836 F.3d 591, 599-60 (6th Cir. 2016). The Court found the requirements were not satisfied in Williams' case. The arguments raised in Williams' motion do not establish that the Court's decision was the result of a substantive mistake of law or fact or an excusable litigation mistake; nor do Williams' arguments establish that equity mandates relief in this case.

Accordingly, IT IS ORDERED that Petitioner's "Motion to Alter or Amend Judgment" (Dkt. 10) and "Motion for Relief from Judgment" (Dkt. 11) are DENIED.

                                                 s/John Corbett O'Meara
                                                 United States District Judge

Date: January 31, 2018

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 31, 2018, using the ECF system and/or ordinary mail.

                                                 s/William Barkholz
                                               Case Manager